**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4583**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

DANNY POSTON,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:11-cr-00062-IMK-JSK-7)

———————

Submitted:  February 11, 2014     Decided:  February 20, 2014

———————

Before FLOYD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Charles T. Berry, Fairmont, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny Poston appeals the seventy-months, within-Guidelines sentence imposed by the district court after he pled guilty to possession with intent to distribute in excess of twenty-eight grams of cocaine base within 1000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 860 (2012), and 18 U.S.C. § 2 (2012). On appeal, Poston's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Poston's sentence is reasonable and whether trial counsel was ineffective for lodging an erroneous objection to the presentence investigation report ("PSR") that later had to be withdrawn. Despite being given notice of the opportunity to do so, Poston has not filed a pro se supplemental brief. We affirm.

Poston questions the reasonableness of his sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In so doing, we first examine the sentence for significant procedural error, including whether the district court properly calculated the advisory Guidelines range, considered the parties' arguments in light of the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and adequately explained the sentence. Gall,

552 U.S. at 51. When considering the substantive reasonableness of the sentence, we "take into account the totality of the circumstances." Id. If the sentence is within or below the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Yooho Weon, 772 F.3d 583, 590 (4th Cir. 2013).

We have thoroughly reviewed the transcript of Poston's sentencing hearing and conclude that the district court's sentence is reasonable. The district court properly calculated the advisory Guidelines range, considered the relevant § 3553(a) factors, and tailored its sentence to Poston's specific circumstances. The district court thoroughly explained the reasons for its within-Guidelines sentence, holding that Poston's extensive criminal history, background of drug dealing, and evidence of continuing drug activity indicated a high risk of recidivism, warranting a higher sentence. Because the district court adequately explained the reasons for its sentence, we conclude that Poston's within-Guidelines sentence is entitled to the presumption of reasonableness.

Lastly, Poston contends that his counsel was ineffective for lodging an erroneous objection to the PSR and then withdrawing the objection. Claims of ineffective assistance of counsel "are generally not cognizable on direct appeal." United States v. Benton, 523 F.3d 424, 435 (4th Cir.

3

2008); see United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Instead, to allow for adequate development of the record, a defendant must ordinarily bring his claims in a 28 U.S.C. § 2255 (2012) motion. King, 119 F.3d at 295. However, we can entertain such claims on direct appeal only if it conclusively appears from the record that defense counsel did not provide effective representation. Id.; United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant must satisfy two prongs in order to prove an ineffective assistance of counsel claim: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) that the deficient performance was prejudicial. Id. at 687, 688; see Hill v. Lockhart, 474 U.S. 52, 59 (1985) (discussing showing of prejudice required in context of guilty plea). Our thorough review of the record leads us to conclude that Poston has failed to conclusively demonstrate that his trial counsel was ineffective. We therefore decline to address this claim on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Poston, in writing, of the right to petition the Supreme Court of the United States for further

4

review.  If Poston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Poston.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED